IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOE ROBLES | § | |
| | § | CIVIL ACTION NO. 9:06cv256 |
| OFFICER GLENN | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Joe Robles, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c). The sole named Defendant is Officer Glenn.

An evidentiary hearing was conducted on April 24, 2007, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, Robles testified that on January 21, 2006, Officer Glenn was passing out food trays to inmates when he opened the door slot on Robles' cell. He started to give Robles a tray, but then recognized him, and pulled it back. Robles explained that he had previously had problems with Glenn, and that he had recently been transferred to this wing and so Glenn did not know that he was in the cell until the officer saw him.

When Glenn started to take the tray away, Robles said, he went over and put his arm in the slot, to prevent it from being closed. Glenn then hit him with the metal bar which is used to open the slot. However, Robles stated that he kept his arm in the food slot for over an hour, until a supervisor came to see him.

Robles said that Sgt. Haynes came and asked him what the problem was and "if he could have the slot back." Robles told Haynes that he had been hit in the arm and that he wanted a food tray and to go to the medical department, and Haynes said that "it's your word against my officers."

1

Another officer, Kate Thomas, told Haynes that Glenn had not hit Robles. However, Robles said, he showed Haynes his arm, which was "bruised and swollen." Haynes talked to the officers and told Robles that he would send him a tray and take him to the medical department. Robles waited, but never received a tray, nor was he taken to the clinic. When a nurse came by passing out medication, Robles said that he called her to his cell and told her that he had been hit with the slot bar. The nurse asked to see his arm and told him that she would send down an ice pack, and for him to send an I-60 inmate request form, which he did.

A few days later, Robles said, he was finally able to go to the medical department. He saw a doctor, who looked at his arm and said that Robles would be fine, and for him to return to his cell. Later, Robles said, he was sent an ice pack and some ibuprofen.

For relief, Robles asked that criminal charges be brought against Officer Glenn. At the hearing, he stated that he would be willing to drop his lawsuit if he were kept at the Walls Unit for the remaining 22 days that he had in TDCJ. The Court explained that the federal courts could not order TDCJ where to house inmates and that there was no representative of the Attorney General's office present who could negotiate a settlement, and so Robles said that he wished to pursue his case.

Warden Pratt, a TDCJ unit warden also present at the Spears hearing, testified under oath that when inmates hold the food slot open (called "jacking the slot"), the proper procedure is to have a supervisor talk to the inmate and ascertain the problem. If the inmate continues to refuse to release the slot, force can be used. Pratt said that the use of force is rare because inmates normally give up the slot when ordered to do so. He noted that the use of the slot bar on inmates is improper and would lead to disciplinary action being taken against the officer.

The Court has received copies of pertinent excerpts from Robles' medical records. These records show that Robles was seen by a nurse on January 21, 2006, at his cell. He complained of being struck with a "bean bar," but the nurse saw no bruising, discoloration, abrasions, contusions, or other signs of trauma where Robles said that he was hit. He also had full range of motion in his arm. The nurse concluded that there were no objectives noted indicating treatment.

Robles filed a sick call request saying "I was hit on my right arm; may you please check it because I have a bump." He was seen by Dr. Thomas on January 25, 2006. The doctor noted that Robles had been seen by a nurse right after the alleged incident and no evidence was reported. The nurse reported that when she went back to check on him, he had his cell window covered and was beating on the door. At the time of the doctor's evaluation, Robles had no ecchymosis (skin discoloration), bruising, or redness, and there was no evidence of any injury. Robles could make a fist and had full range of motion to his upper extremity.

Legal Standards and Analysis

As noted above, the sole relief sought by Robles in his lawsuit is that Glenn be criminally prosecuted. The Fifth Circuit has held that there is no constitutional right to have someone else criminally prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1991). The Supreme Court explained that private citizens lack a justicially cognizable interest in the prosecution or non-prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). The relief which Robles seeks is therefore unavailable in a civil lawsuit. *See also* Bass Angler Sportsman Society v. United States Steel, 324 F.Supp. 412, 415 (S.D. Ala.), *aff'd* 447 F.2d 1304 (5th Cir. 1971) (private citizens are not entitled to file criminal charges because this is the function of the prosecutor).

Robles also suggested that he would drop his lawsuit if he were housed at the Walls Unit during the remainder of his stay in prison, which he said would be another 22 days. This placed his discharge date at May 16, 2007. The TDCJ-CID on-line records confirm that Robles has been released and is no longer in the physical custody of the prison. *See* http://168.51.178.33/webapp/TDCJ/index2.htm. To the extent that Robles sought a unit transfer or confinement in another prison facility, his request is moot. Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990); Gillespie v. Crawford, 858 F.2d 1101, 1102 (5th Cir. 1988).

In addition, Robles' lawsuit faces another obstacle. The Supreme Court, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992), held that inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather

than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 999.

In accordance with this decision, the Fifth Circuit has identified five factors which should be considered in determining whether an unnecessary and wanton infliction of pain was done in violation of an inmate's right to be free from cruel and unusual punishment. These factors are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998); Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). It should be noted that not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom.* John v. Johnson, 414 U.S. 1033 (1973) (cited with approval in Hudson, 112 S.Ct. at 1000).

In Brown v. Lippard, 472 F.3d 384 (5th Cir. 2006), the Fifth Circuit considered the effect of the first Hudson factor, relating to the injuries suffered. The Fifth Circuit held in that case that injuries are insufficient to support an excessive force claim where there is *no* physical injury, or where the injury is extremely minor, such as a bruise caused by having one's ear twisted. However, the Court said, the injuries suffered by the inmate in that case, which included one-centimeter abrasions on his left knee and left shoulder, pain in his right knee, and tenderness around his left thumb, were not so minor as to preclude recovery.

This holding comports with previous Fifth Circuit case law. In Jackson v. Culbertson, 984 F.2d 699 (5th Cir. 1993), an inmate inside his cell was sprayed with a fire extinguisher, but suffered no injuries. The Fifth Circuit stated that because Jackson suffered no injuries, the spraying was a

*de minimis* use of force; it also was not repugnant to the conscience of mankind. The Fifth Circuit therefore concluded that the lawsuit was frivolous.

In <u>Young v. Saint, et al.</u>, slip op. no. 92-8420 (5th Cir., March 31, 1993) (unpublished), an inmate was hit on the hand with a metal spatula, resulting in two scratches requiring antibiotic ointment and a bandage, and a slight decrease in flexion and extension of the inmate's fingers; the Fifth Circuit held that this injury was de minimis and that the use of force was not repugnant to the conscience of mankind. Similarly, in <u>Potts v. Hill</u>, slip op. no. 98-50214 (5th Cir., May 25, 1999) (unpublished), the inmate was hit in the mouth during an altercation with a guard, causing a non-bleeding cut and making his mouth too sore to wear dentures for three weeks; the Fifth Circuit held that this injury was *de minimis* and upheld a grant of summary judgment for the guard.

In the present case, as in <u>Jackson</u>, the medical records do not indicate that Robles suffered any injury at all. He was seen by a nurse on the day of the incident and by a doctor a few days later, but neither of these medical professionals were able to discern any signs of injury. The Fifth Circuit has held that where the objective factors of an inmate's medical records show no evidence of any injuries consistent with the inmate's allegations, the Court may conclude that the allegations are implausible. <u>Wilburn v. Shane, et al.</u>, slip op. no. 98-21077 (5th Cir., August 20, 1999) (unpublished), *citing* <u>Wesson v. Oglesby</u>, 910 F.2d 278, 281-82 (5th Cir. 1990); *see generally* <u>Aswegan v. Henry</u>, 49 F.3d 461, 465 (8th Cir. 1995) (stating that when an inmate alleges a serious medical need either for treatment or to avoid certain conditions, the inmate's bare assertion of a serious medical condition is insufficient without medical evidence verifying that the condition exists); <u>Kayser v. Caspari</u>, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion).

Here, Robles alleged that he was hit on the arm by an officer wielding an iron bar, but two medical examinations, one on the day of the incident and one a few days later, both revealed that he had sustained no injuries. As the Fifth Circuit held in <u>Jackson v. Culbertson</u> and <u>Brown v. Lippard</u>, where no injuries are suffered, a Section 1983 lawsuit for excessive force cannot stand. Because the

objective factors of Robles' medical records show no evidence of any injuries consistent with his allegations, and because Robles seeks relief which is unavailable through the vehicle of a Section 1983 lawsuit, his complaint is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees.  Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory.  Neitzke v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Robles' claims lack any arguable basis in law and fail to state a claim upon which relief may be granted.  Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b).  *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A(b).  It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this  5   day of  **June, 2007.**

6   _____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE